CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 8 2015

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DONOHUE, | CASE NO. 7:15CV00333 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| RICHARD S. BLANTON, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendants. | |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that the judge, prosecutor, and public defender involved in his criminal prosecution caused him to be wrongfully convicted by failing to exhaust administrative remedies and withholding exculpatory evidence. Because Donohue has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on Donohue's prior civil actions that have been dismissed as frivolous.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Donohue has brought such actions or appeals on three or more prior occasions. See Donohue v. Hinkle, Case No. 7:14-cv-00138 (W.D. Va. April 29, 2014) (dism'd as frivolous under § 1915A(B)(1)); Donohue v. Still, Case No. 7:14-cv-00151 (W.D. Va. April 29, 2014) (dism'd as frivolous under § 1915A(b)(1), affirmed for reasons stated in the district court, No. 14-6915, (4th Cir. Aug. 26, 2014)); Donohue v. Collins, Civil Action No. 7:14-cv-157 (W.D. Va. 2014) (dism'd as frivolous under §1915A(b)(1)). Accordingly, Donohue may proceed in forma pauperis (without prepayment of the filing fee) only if he shows that he faces imminent danger of serious physical injury related to his current claims. § 1915(g). Donohue's allegations fail to show that the past conduct of which he complains in this action has placed him in imminent danger of physical harm.

Because the records reflect that Donohue has at least three "strikes" under § 1915(g) and has not demonstrated that he is in imminent danger of physical harm, the court denies Donohue the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g).[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of June, 2015.

_____
Chief United States District Judge

---

[1] Moreover, Donohue's current claims are legally frivolous. In essence, his complaint attempts to overturn his criminal conviction through means of a civil action against participants at trial. It is well established, however, that "state prisoners [may] use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement," whether directly or "indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Furthermore, the court declines to construe Donohue's submission as a habeas corpus petition under 28 U.S.C. § 2254, because it offers no ground on which to suggest that such a petition could be deemed timely under 28 U.S.C. § 2244(d).